UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

YULY PENAGOS, individually,

        Plaintiff,

Case No.: 14-cv-60576-WJZ

v.

LVNV FUNDING, LLC, a Delaware
Limited liability company,

        Defendant.

_____/

**DEFENDANT, LVNV FUNDING, LLC'S, ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, LVNV Funding, LLC (LVNV), through counsel and pursuant to the Federal Rules of Civil Procedure, submits this Answer and Affirmative Defenses to the Complaint filed by plaintiff, Yuly Penagos (plaintiff), and states:

**JURISDICTION**

1. Upon information and belief, LVNV admits this Court has jurisdiction. Except as specifically admitted, LVNV denies the allegations in ¶ 1.

**VENUE**

2. Upon information and belief, LVNV admits venue is proper. Except as specifically admitted, LVNV denies the allegations in ¶ 2.

**PARTIES**

3. Upon information and belief, LVNV admits plaintiff is an individual residing in the County of Broward, State of Florida. Except as specifically admitted, LVNV denies the allegations in ¶ 2 as calling for a legal conclusion.

4.  LVNV admits plaintiff purports to bring this action for alleged violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, *et seq.*, but denies any violations, liability and wrongdoing under the law.  Except as specifically admitted, LVNV denies the allegations in ¶ 4.

5.  LVNV admits it is a Delaware limited liability company and that it conducts business in the State of Florida.  Except as specifically admitted, LVNV denies the allegations in ¶ 5 as calling for a legal conclusion.

## BACKGROUND

6.  The FCRA speaks for itself and is the best evidence of its contents.  To the extent the allegations in ¶ 6 state otherwise, they are denied.

7.  The FCRA speaks for itself and is the best evidence of its contents.  To the extent the allegations in ¶ 7 state otherwise, they are denied.

8.  LVNV denies the allegations in ¶ 8 for lack of knowledge or information sufficient to form a belief therein.

9.  LVNV denies the allegations in ¶ 9 for lack of knowledge or information sufficient to form a belief therein.

10. LVNV denies the allegations in ¶ 10 for lack of knowledge or information sufficient to form a belief therein.

11. LVNV denies the allegations in ¶ 11 for lack of knowledge or information sufficient to form a belief therein.

12. LVNV denies the allegations in ¶ 12.

13. LVNV denies the allegations in ¶ 13.

14. LVNV denies the allegations in ¶ 14.

## COUNT I
## VIOLATION OF THE FAIR CREDIT REPORTING ACT,
## 15 U.S.C. § 1681s-2(B)

15. LVNV incorporates the foregoing as if fully stated herein.

16. LVNV denies the allegations in ¶ 16, including its subparts a through h.

## JURY TRIAL DEMAND

17. LVNV admits plaintiff seeks a trial by jury, but denies any violations, liability or wrongdoing under the law.

## LVNV'S AFFIRMATIVE DEFENSES

1. To the extent that any violations are established, any such violations were not intentional and resulted from bona fide error notwithstanding the maintenance of procedures reasonably adopted and specifically intended to avoid any such error.

2. LVNV denies any liability; however, regardless of liability, plaintiff has suffered no actual damages as a result of LVNV's purported violations.

3. One or more claims asserted by plaintiff is barred by the statute of limitations, laches, estoppel, waiver and/or unclean hands.

4. Assuming that plaintiff suffered any damages, she has failed to mitigate her damages or take other reasonable steps to avoid or reduce her damages.

5. Any harm suffered by plaintiff was legally and proximately caused by persons or entities other than LVNV and were beyond the control or supervision of LVNV or for whom LVNV was and is not responsible or liable.

6. Plaintiff has failed to state a claim against LVNV upon which relief may be granted.

WHEREFORE, Defendant, LVNV Funding, LLC, requests that the Court dismiss this action with prejudice and grant it any other relief that the Court deems appropriate.

Respectfully submitted,

/s/ Dayle M. Van Hoose
Dayle M. Van Hoose, Esq.
Florida Bar No. 0016277
Rachel A. Morris, Esq.
Florida Bar No. 0091498
SESSIONS, FISHMAN, NATHAN & ISRAEL, LLC
3350 Buschwood Park Drive, Suite 195
Tampa, FL 33618
Telephone: (813) 890-2463
Facsimile: (866) 466-3140
dvanhoose@sessions-law.biz
rmorris@sessions-law.biz

Attorneys for Defendant,
LVNV Funding, LLC

**CERTIFICATE OF SERVICE**

I certify that on this 28th day of March 2014, a copy of the foregoing was filed electronically in the ECF system.  Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including Plaintiff's counsel as described below.  Parties may access this filing through the Court's system.

Matthew J. Militzok, Esq.<br>
Militzok & Levy, P.A.<br>
The Yankee Clipper Law Center<br>
3230 Stirling Road, Suite 1<br>
Hollywood, Florida 33021<br>
mjm@mllawfl.com

/s/ Dayle M. Van Hoose
Attorney